Putnam J
delivered the opinion of the Court. We are all clearly of opinion, that the objections which the defendant’s counsel have made to the plaintiff’s recovery cannot prevail.
It is said that this is not a bottomry bond, but a usurious contract; and the Court are to determine whether it be one or the other, upon the facts which are agreed by the parties.
It is argued that the payment of the money borrowed, is secured in such manner as to make it a certainty that the plaintiff would receive his money, with twelve per cent; that it is secured by a mortgage of real estate, as well as by a mortgage of the ship, and an assignment of half the freight and earnings for the term of the loan ; and it is further objected, *190 that the loan is upon time and not for a voyage, as it is usually made. But the answer to these objections is, that if the ship should be lost within the time of three years, for which the money was lent, the plaintiff was to lose all the money which should be then due upon the bond.[1]
It is the essence of the contract of bottomry and respondentia, that , the lender runs the marine risk, to be entitled to the marine interest. The rate of interest, and the manner of securing the payment of what may become due upon such contract, are to be regulated by the parties. Those considerations are not to be regarded by the Court excepting only to ascertain whether they were colorably put forth to evade the statute against usury. We do not perceive any thing in the facts which would warrant that conclusion. If the ship had been lost immediately after she sailed, it is perfectly clear that the plaintiff would have lost all his money.
There is one provision in this bond which is somewhat peculiar. The plaintiff became an insurer for the defendant, for the average losses which might happen to the ship. This has been urged as being prejudicial to the defendant; but we cannot regard it in that light. By the marine law, the lender upon bottomry becomes an insurer upon the ship in case of total loss, but he has no benefit of salvage. It is obvious that the defendant’s ship, in the course of the three years, might sustain many average losses, and he had a right to protect himself against them, notwithstanding the lender became an. insurer to the amount of the loan if she were totally lost. Besides, the ship might be worth much more than the sum for which she was hypothecated, and the owner and borrower might protect his interest in the surplus. Thorndike undertook to pay the defendant for the average losses, according to the forms of insurance at the office of the Salem Marine Insurance Company; and whatever sums should become due to the defendant on that account, were to be allowed and deducted from the sum loaned. This was a safe and convenient arrangement and evidently beneficial to the defendant.
*191 . It is contended that the plaintiff has put it out of the power of the defendant to use the ship. This objection is raised from the fact, that the plaintiff caused the ship to be attached to secure about $ 400 due to the plaintiff upon a promissory note having no connexion with the matter now in controversy. But the inconvenience which the defendant suffered arose from his not paying his debt, and is not to be ascribed to the plaintiff. It is not analogous to the cases cited, where the lessor ousts his lessee and so deprives him of the estate, and yet would claim his rent. The defendant might have an interest in the ship much greater than the sum for which she was mortgaged, and it would be liable to attachment as any other property would be.
The penalty of the bond is adjudged to be forfeited, and the case will stand for a hearing in chancery.

 See Brig Draco, 2 Sumner, 157; Rucher v. Conyngham, 2 Pet. Adm. Dec 295 and note; Wynne v. Crosthwaite, 4 Carr. & P. 178.